**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 1:22-CV-1115 |
| v. | ) ) ) | **COMPLAINT** |
| ENFORGE, LLC, | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) ) | |

## NATURE OF THE ACTION

This action is filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., as amended ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Wendy W. Luther ("Ms. Luther"), who was adversely affected by such practices. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), alleges that Defendant, Enforge, LLC ("Defendant"), unlawfully discriminated against Ms. Luther by subjecting her to a hostile work environment based on her sex, female. The Commission further alleges that Defendant retaliated against Ms. Luther for opposing unlawful conduct when it terminated her employment.

1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.      This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina, Winston-Salem Division.

## PARTIES

4.      The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized by Title VII to bring this action.  42 U.S.C. § 2000e-5(f)(1) and (3).

5.      Defendant, a Michigan limited liability company, manufactures automotive parts and assemblies for the automotive industry at its plant location in Albemarle, North Carolina.

6.      At all relevant times, Defendant has continuously done business in the State of North Carolina and in Stanly County, North Carolina and has continuously maintained at least fifteen (15) employees.

7.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII. 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8.     More than thirty (30) days prior to the institution of this lawsuit, Ms. Luther filed a charge with the Commission alleging violations of Title VII by Defendant. Defendant responded to Ms. Luther's charge and participated in all aspects of the Commission's administrative investigation.

9.     By letter dated March 16, 2022, the Commission notified Defendant of the determination that the Commission had reasonable cause to believe that Defendant violated Title VII.  The Commission invited Defendant to engage in the conciliation process to attempt to reach an agreement that would end the unlawful employment practices and provide Ms. Luther with appropriate relief.

10.     The Commission was unable to secure from Defendant an agreement acceptable to the Commission.

11.     By letter dated June 7, 2022, the Commission notified Defendant that conciliation had failed.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### COUNT I:
### Sex Harassment and Hostile Environment in Violation of Title VII

13.     The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 12 above.

14.     On or about August 18, 2020, Defendant hired Ms. Luther as a tie rod inspector at Defendant's Albemarle, North Carolina facility (the "Facility).

15.     At the Facility, Ms. Luther worked on a tie rod assembly line ("tie rod line") with approximately seven (7) male employees (collectively, the "Male Employees").

16.     Ms. Luther was assigned by Defendant to work the second shift at the Facility, which started at 3:00 p.m. and ended at 11:00 p.m., approximately.  The same eight employees, including Ms. Luther, were assigned to work on the tie rod line every day during the second shift. The employees usually worked seven (7) days a week with no days off.

17.     Throughout Ms. Luther's employment, Defendant subjected Ms. Luther to a hostile work environment based on her sex, female, in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a).

18.     Specifically, Defendant knowingly allowed Ms. Luther to be sexually harassed by several of the Male Employees on the tie rod line.  The harassment Ms. Luther experienced included vulgar sexual comments, propositions for sex, threatening behavior, and the unwelcome touching of Ms. Luther's female anatomy.

19.     During the first few days of Ms. Luther's employment, the Male Employees engaged in graphic discussions about sex in Ms. Luther's presence including but not limited to:

    a.      how they liked to have sex;

    b.      how large their penises were; and

    c.      what they would do to women during sexual intercourse.

20.     Beginning in or around Ms. Luther's second week of employment, the Male Employees made sexual statements directly to Ms. Luther including but not limited to:

4

a. "I bet you got good pussy";

b. Asking how she "likes it" and telling her that she likes "big dick" and long sex;

c. "I'm going to make you my bitch."; and

d. Telling Ms. Luther she would feel better about a recent death in her family if she had sex with the Male Employees.

21. The unwelcome and offensive sexual comments were made to Ms. Luther and/or in her presence with a daily or near daily frequency from about the second week of her employment and continuing until the termination of her employment in October 2020.

22. The Male Employees subjected Ms. Luther to unwanted physical and threatening conduct including but not limited to:

a. Male Employee 1 grabbed Ms. Luther's buttocks and breasts on multiple occasions.

b. Male Employee 2 grabbed Ms. Luther's breasts and buttocks on multiple occasions.

c. Male Employee 3 tried to coerce Ms. Luther into the men's bathroom by gesturing to her.

d. Male Employee 3 followed Ms. Luther around the Facility during break times even after he moved to another assembly line.

23. At least one of the Male Employees touched Ms. Luther in a sexual manner at least two to three times a week throughout her employment.

5

24.     Ms. Luther repeatedly objected to the offensive behavior by telling the Male Employees not to talk to her like that, not to touch her, and to leave her alone.

25.     Ms. Luther complained to Defendant about the Male Employees' harassing comments, touching, and conduct on numerous occasions.  Specifically, Ms. Luther reported the conduct on separate occasions to the Second Shift Supervisor, Acting Second Shift Supervisor, First Shift Supervisor, and the Production Manager.

26.     The conduct continued after Ms. Luther complained.

27.     Ms. Luther requested that Defendant reassign her to another shift or to allow her to work on a different line.

28.     Defendant denied Ms. Luther's request for reassignment.

29.     Defendant did not take effective action to stop the harassment.

30.     One supervisor responded to Ms. Luther's complaints of sexual harassment by telling Ms. Luther that she could "make [the harassment] stop" by "giving them some."

31.      In or around mid-October 2020, Defendant promoted Male Employee 2 to Line Lead on Ms. Luther's line, despite his constant sexual comments and groping of Ms. Luther.

32.     On or about October 22, 2020, Male Employee 2 exposed his penis to Ms. Luther during a break.

33.     Ms. Luther immediately went back inside the Facility and reported the incident of Male Employee 2 exposing himself to her Second Shift Supervisor.

34.     On or about October 23, 2020 and prior to the start of her shift, Ms. Luther called the Production Manager and reported the incident of Male Employee 2 exposing himself.

35.     During the phone conversation with the Production Manager, Ms. Luther expressed frustration at Defendant's failure to stop the harassment despite her multiple complaints.

36.     Ms. Luther again requested to be moved to a different position away from the Male Employees and asked that Defendant take action to protect her.

37.     The Production Manager advised Ms. Luther to not come in for her shift and to take a few days off, during which time he would "figure it out." He told Ms. Luther to call him the following Monday before returning to work.

38.     Ms. Luther repeatedly called the Production Manager on October 26, 2020, as he had instructed her, but he refused to take her calls, effectively terminating Ms. Luther's employment.

39.     Defendant knew or should have known about the Male Employees' sexual harassment of Ms. Luther but failed to take prompt and effective action to stop it.

40.     The sexually explicit comments and conduct described herein created a hostile work environment for Ms. Luther because of her sex, female.

41.     The harassment was severe and pervasive. It altered the terms and conditions of Ms. Luther's employment and created an abusive work environment.

42.     Defendant's policies and procedures were ineffective to prevent and/or correct the harassment.

43. The unlawful practices complained of above have deprived Ms. Luther of equal employment opportunities and have otherwise adversely affected her status as an employee because of her sex, female.

44. The unlawful practices complained of above were willful and intentional.

45. The unlawful practices complained of above were committed with malice or, at a minimum, with reckless indifference to Ms. Luther's federally protected rights.

46. As a direct and proximate result of Defendant's violations of Title VII, Ms. Luther suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

**COUNT II:**
**Retaliation in Violation of Title VII**

47. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 above.

48. Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Ms. Luther for engaging in protected conduct.

49. Ms. Luther engaged in statutorily protected conduct on multiple occasions when she complained of sexual harassment and reported the sexually hostile work environment to Defendant.

50. As a result, Defendant told Ms. Luther not to report for work and to call the Production Manager on Monday, October 26, 2020, before coming in for her shift.

8

51.     Ms. Luther called the Production Manager multiple times on October 26, 2020, but the Production Manager did not answer her calls, return her calls or respond to her messages, effectively terminating her employment.

52.     The unlawful practices complained of above were intentional.

53.     The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Luther.

54.     The unlawful practices complained of above have deprived Ms. Luther of equal employment opportunities and have otherwise adversely affected her status as an employee because of her engagement in protected activity.

55.     As a direct and proximate result of Defendant's violation of Title VII, Ms. Luther suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from allowing sexual harassment in the workplace and from allowing a hostile work environment based on sex in violation of Title VII.

B.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of past and present unlawful employment practices.

D. Order Defendant to make Wendy Luther whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, front pay.

E. Order Defendant to make Wendy Luther whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Wendy Luther whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to, emotional suffering, inconvenience, fright, humiliation, loss of enjoyment of life and loss of civil rights, in amounts to be determined at trial.

G. Order Defendant to pay Wendy Luther punitive damages for its willful, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 21st day of December, 2022.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C. 20507

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA C. DUGAS
Regional Attorney

YLDA M. KOPKA
Assistant Regional Attorney

/s/ **Cheryl E. Carroll**
CHERYL E. CARROLL
Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (980) 296-1294
Facsimile: (704) 954-6412
Email: cheryl.carroll@eeoc.gov

TAITTIONA MILES
Trial Attorney
N.C. Bar No. 50879
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (980) 296-1301
Facsimile: (704) 954-6412
Email: Taittiona.Miles@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**