# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:22 cv-01115 |
| ENFORGE, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("Commission") instituted this action pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleges that Defendant Enforge, LLC ("Defendant") subjected Wendy Luther ("Ms. Luther") to a sexually hostile work environment and retaliated against her because she engaged in protected activity, in violation of Title VII. Defendant's Answer denies the allegations of the Complaint, and nothing in this Decree shall be deemed or construed as an admission of liability by the Defendant.

The Commission and Defendant ("the parties") stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised the Court that they desire to resolve the allegations in the Complaint

1

without the burden, expense, and delay of further litigation.

It is therefore the finding of the Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as set forth below. Therefore, it is **ORDERED** that:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in the instant Civil Action No. 1:22 cv-01115-LCB-JLW and in EEOC Charge No. 430-2021-00154 filed by Ms. Luther.

2. The purpose and provisions of Title VII will be furthered by the entry of this Consent Decree, the terms of which constitute a fair and equitable settlement.

3. This Consent Decree constitutes the complete understanding between the parties with regard to the matters discussed herein.

## I. INJUNCTIVE RELIEF

1. Defendant is enjoined from sexually harassing any employee or applicant for employment, including by making inappropriate sexual comments to employees or engaging in inappropriate touching and/or gestures toward employees.

2. Defendant is enjoined from permitting harassment on the basis of sex to occur in the workplace and is enjoined from creating, maintaining, or allowing a sexually hostile work environment.

3. Defendant is enjoined from discriminating or retaliating against any employee

2

because of the employee's opposition to a practice made unlawful under Title VII.

4. Defendant is enjoined from discriminating or retaliating against any employee because the employee filed a charge of discrimination or retaliation, gave testimony, assisted with an investigation, or otherwise participated in any proceeding under Title VII.

## II. MONETARY RELIEF

5. Within fifteen (15) days of the entry of this Consent Decree, Defendant shall pay to Ms. Luther the total sum of Thirty-Five Thousand and 00/100s Dollars ($35,000) ("Settlement Payment") in full and final settlement of this civil action, *Equal Employment Opportunity Commission v. Enforge, LLC*, Civil Action No.: 1:22 cv- 01115-UA-JLW, and EEOC Charge No. 430-2021-00154 filed by Ms. Luther. The Settlement Payment constitutes a debt owed to and collectable by the United States for which Defendant shall be held liable should any portion of such debt remain unpaid. Defendant shall make payment by issuing a check payable to "Wendy Luther" and shall send the check via tracked first class mail or commercial delivery service to a mailing address provided by the Commission. Within three (3) business days, Defendant shall submit copies of the check to the Commission by electronic mail at EEOC-CTDO-decree-monitoring@eeoc.gov.

6. If the EEOC is required to issue a Form 1098-F in connection with payment made under this Consent Decree, the EIN and the name and address of the person to whom the copy of the Form should be directed to was provided to the EEOC by Defendant prior to the entry of this Consent Decree. The EEOC has made no representations regarding whether any amount paid pursuant to this Consent Decree qualifies for a deduction under

the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

### III.    NON-MONETARY RELIEF

1.      Within fourteen (14) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from Ms. Luther's personnel file any and all documents, entries, or references of any kind relating to the facts and circumstances surrounding the filing of EEOC Charge Number 430-2021-00154, the related investigation, and this litigation, and shall notify the Commission of compliance with this paragraph.

2.      Within twenty-one (21) days of the entry of this Consent Decree, Defendant shall provide Ms. Luther with a neutral letter of reference using the form attached hereto as *Exhibit A*. The original, signed letter of reference shall be provided to Ms. Luther by mail, via a tracked delivery service, at an address provided by the Commission. Ms. Luther shall be free to disseminate the letter to potential employers. If Defendant receives an inquiry about Ms. Luther from a potential employer, Defendant will provide only the information set forth in the letter of reference in response.

### A.    POLICY AND PROCEDURE REVISIONS

1.      Within ninety (90) days of the entry of this Consent Decree, Defendant

shall amend and implement its written anti-harassment policy to incorporate the requirements of this paragraph; update its employee handbook and other policies so that they incorporate and are consistent with the amended anti-harassment policy; distribute copies of the amended anti-harassment policy to all current employees, including managers, supervisors and human resource professionals; and provide the Commission with written confirmation that this requirement has been satisfied. Defendant's employee handbook and anti-harassment policy shall be amended to include the following:

a. An explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment and retaliation;

b. A definition of harassment along with specific examples of sexual harassment, including inappropriate sexual comments and inappropriate touching, to supplement the definition of harassment;

c. Notice that sex-based comments, sexually inappropriate comments and/or conduct will not be tolerated by any employee (including management-level employees), and that such comments or conduct can and will lead to disciplinary action of employees (including management-level employees), up to and including termination of employment;

d. Notice that employees may report harassment to any manager, human resources employee, or corporate officer (hereinafter "Reporting Officials") at any time;

e. The identification of at least one phone number and one email address at which employees may report any sexual harassment, discrimination, or retaliation;

f. A requirement that any Reporting Official who sees, hears or is otherwise notified of sexually inappropriate or discriminatory comments and/or conduct must report the same to Defendant's on-site Human Resources employee within (1) business day of the incident with the following information: the full name of the employee(s) who allegedly engaged in sexually inappropriate comments and/or conduct,

date(s) of the incident(s), the full name of any witnesses, and a brief description of the incident(s) alleged;

g.      A requirement that Defendant will act promptly to ensure that any further sexual harassment of a complaining employee is immediately prevented;

h.      Confirmation that Defendant will promptly and thoroughly investigate all complaints of harassment and will communicate the results of its investigation to the employee who made the complaint and place, in writing, the results thereof in a separate file to be maintained by Defendant's Human Resource department;

i.      Notice that if Defendant finds an employee or manager engaged in or permitted harassment in the workplace, Defendant will take remedial action and appropriate disciplinary action, up to and including termination of employment;

j.      Notice that Defendant will not tolerate retaliation by any supervisor toward the victim of harassment, any employee who reported harassment, or any person who provided information or otherwise participated in any investigation into allegations of harassment, and that any such retaliation will result in disciplinary action, up to and including termination of employment; and

k.      Notice that any Reporting Official who permits harassment to occur, fails to report harassment, or fails to implement measures outlined in the anti-harassment policy shall be disciplined, up to and including termination of employment, and that if the Reporting Official is not discharged, a record of such discipline will be placed permanently in his or her personnel file.

In addition, during the term of this Consent Decree, Defendant shall distribute the amended policy and handbook to all new employees and will provide the employee with an opportunity review it and ask questions during orientation.

2.      During the term of this Consent Decree, Defendant shall post a current telephone number for at least one off-site Reporting Official along with a copy of the amended anti-harassment policy described above in Paragraph 12 in its Albemarle, NC

facility in all places where notices to employees are posted, such as break rooms, meeting rooms, and hallways, where it will be visible to all employees. Defendant shall report compliance with this paragraph to the Commission within ninety (90) days of the entry of this Consent Decree. If any copy of the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.

## B. TRAINING

1. <u>Training – non-managerial employees.</u> During the term of this Consent Decree, Defendant shall provide an annual training program of at least one (1) hour to all non-managerial employees of its Albemarle, NC facility for which the employees are paid at their usual hourly rate or salary. Each training program shall include an explanation of:

    a.    Title VII's prohibition against harassment and discrimination based on sex;

    b.    Title VII's prohibition against retaliation for engaging in activity protected by the statute;

    c.    Title VII's prohibition against using sex-based or sexually inappropriate comments and/or conduct in the workplace;

    d.    Types of comments or conduct that may constitute sexual harassment, discrimination and/or retaliation, with examples;

    e.    The penalties for engaging in discriminatory, harassing, or retaliatory behavior;

    f.    Defendant's amended anti-harassment policy, including to whom and how to report discrimination and/or harassment; and

    g.    The rights of employees and responsibilities of Reporting Officials under Defendant's amended anti-harassment policy.

The initial training for non-managerial employees shall occur within one hundred fifty (150)

7

days after entry of this Consent Decree. All new non-managerial employees hired during the term of this Consent Decree shall receive the training within thirty (30) days after hire. Thereafter, all non-managerial employees shall receive the training at least annually, at approximately one-year intervals.

2. <u>Training – Reporting Officials.</u> During the term of this Consent Decree, Defendants shall provide a training program to all managerial, supervisory, team or line leads at the Albemarle NC facility, as well as all human resource employees and all Reporting Officials in any location whose duties include receiving or addressing workplace harassment complaints arising at the Albemarle, NC facility, on an annual basis for which the employees are paid at their usual hourly rate or salary. Each training program shall be at least one (1) hour in length and include an explanation of:

    a.    Title VII's prohibition against harassment and discrimination based on sex;

    b.    Title VII's prohibition against retaliation for engaging in activity protected by the statute;

    c.    A statement that Title VII prohibits employees and managers from using sex- based or sexually inappropriate comments and/or conduct in the workplace;

    d.    An explanation, with examples, of comments or conduct that may constitute sexual harassment, discrimination, and/or retaliation;

    e.    The penalties for engaging in discriminatory, harassing, or retaliatory behavior;

    f.    An explanation of Defendant's amended anti-harassment policy;

    g.    An explanation of the rights of employees and responsibilities of management, human resources, and Reporting Officials under Defendant's amended anti-harassment policy, including to whom and

8

how to report discrimination and/or harassment;

h.   Instruction on how to document and respond to reports or observations of harassment, discrimination, and retaliation in a prompt and effective manner;

i.   The penalties a manager, human resource representative, or Reporting Official may incur for failing to promptly and effectively document and respond to a report of harassment or discrimination; and

j.   The right of employees not to have their employment negatively impacted if they report harassment or discrimination to Defendant or to law enforcement agencies, including the EEOC.

3.   Defendant shall provide a live in-person training to all managers, human resource representatives, and Reporting Officials listed in Section 15 within one hundred fifty (150) days after the entry of this Consent Decree.  All persons hired or promoted into a managerial, human resource, or Reporting Official position during the term of this Consent Decree shall receive training within thirty (30) days of their date of hire or promotion. Thereafter, all managers, human resource representatives, and Reporting Officials shall receive the training at least annually, at approximately one-year intervals.

4.   At least fifteen (15) days prior to each training program, Defendant shall submit to the Commission an agenda for the training program by electronic mail directed to EEOC-CTDO-decree-monitoring@eeoc.gov.  Defendant should presume that the agenda is acceptable to the Commission unless otherwise notified by the Commission within five (5) days of submission of the agenda.

5.   Defendant shall require attendance of every employee for the training programs required under this Consent Decree.  If an employee cannot attend, Defendant shall provide the training for that individual on an alternate date.  Defendant may use a

9

recording of the presentation in lieu of live training for employees who could not attend the live training for justifiable reasons.

6.     Within fourteen (14) days after completion of each training program, Defendant shall provide written confirmation to the Commission that the training was completed, along with an attendance roster signed by each employee who received the training.

### C.     POSTING OF NOTICE TO EMPLOYEES

1.     Beginning within thirty (30) days after the entry of this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked *Exhibit B*, hereby made a part of this Consent Decree, in a place where it is visible to all employees.  If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.  Defendant shall report compliance with this posting requirement to the Commission within forty-five (45) days after the entry of this Consent Decree.

### D.     COMPLIANCE REPORTING AND INSPECTION

1.     During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval of this Consent Decree.  The reports will include the following information:

a.     The identity of each employee at the Albemarle, NC facility who at any time during the reporting period complained verbally or in writing of sex-based comments or conduct:

i.     For each employee identified above, state the name and job title of the person whose conduct or comments were

10

the subject of the complaint, the date of the complaint, the name of the individual to whom the employee complained, a detailed description of the conduct or comments complained of, and a detailed description of any action the Defendant took in response to the complaint;

ii. For each individual identified above, state whether the individual's employment status has changed in any respect (for example, including but not limited to termination, demotion, promotion, or to part time from full time), and a detailed statement explaining why the individual's employment status has changed.

b. Defendant shall provide the social security number of an individual identified in response to this paragraph within forty-eight (48) hours of a request by the Commission. Defendant shall provide the individual's social security number to the Commission via an agreed upon secured shared network by the parties.

c. In the event there is no activity to report, Defendant shall send the Commission a report stating that there has been no activity.

2. Defendant shall provide prior written notice to any potential successor(s) of the existence and contents of this Consent Decree.

3. The Commission may review compliance with this Consent Decree. As part of such review and upon two (2) days' notice to Defendant's point of contact, the Commission may inspect Defendant's Albemarle, North Carolina facility, interview employees, and examine and copy documents. As part of the review for compliance with the posting provisions of Paragraph 13 and 20 of this Consent Decree, the Commission may inspect Defendant's facilities without prior notice.

4. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of

the alleged violation to Defendant. Defendant shall have fourteen (14) days in which to investigate and respond to the allegations. Thereafter, the parties shall have a period of ten (10) days, or other period of time as may be agreed upon by them, in which to engage in negotiation regarding any alleged violation before the Commission initiates an enforcement proceeding. However, where the Commission believes that the violation presents an imminent threat to the health, safety, or welfare of one or more of Defendant's employees, the Commission retains the right to seek immediate intervention by the Court.

5.      The term of this Consent Decree shall be for two (2) years from the date it was entered by the Court.

## IV.   NOTICES

1.      All notices by the Commission to Defendant pursuant to this Consent Decree shall be sent by electronic mail to: J. Allen Thomas, counsel for Defendant at allen.thomas@ogletree.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

2.      All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: EEOC-CTDO-decree-monitoring@eeoc.gov .

## V.   MISCELLANEOUS

1.      Each party shall bear its own costs and attorney's fees.

2.     The Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree.

This, the 6th day of December 2024.


/s/ Loretta C. Biggs
United States District Judge

AGREED TO BY:

**EQUAL EMPLOYMENT**                    **ENFORGE, LLC**
**OPPORTUNITY COMMISSION,**

KARLA GILBRIDE                          _/s/J. Allen Thomas_
General Counsel                         J. Allen Thomas
                                        N.C. State Bar No. 40119
CHRISTOPHER LAGE                        Ogletree, Deakins, Nash, Smoak, &
Deputy General Counsel                  Stewart, P.C.
                                        5829 Six Forks Road, Suite 600
GWENDOLYN YOUNG REAMS                   Raleigh, NC 27615
Associate General Counsel               Telephone: (919) 789-9700
                                        Fax: (919) 789-9412
MELINDA DUGAS                           Email: allen.thomas@ogletree.com
Regional Attorney                       **Counsel for Defendant**

YLDA M. KOPKA
Assistant Regional Attorney


_/s/ Taittiona Miles_
TAITTIONA MILES
Trial Attorney
NC Bar No. 50879
Charlotte District Office
129 W. Trade St, Suite 400
Charlotte, NC 28202
Telephone: (980) 296-1301
Facsimile: (704) 954-6412
Email: taittiona.miles@eeoc.gov

NICHOLAS WOLFMEYER
Trial Attorney
FL Bar No. 127218
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 909-5623
Facsimile: (704) 954-6412
Email: nicholas.wolfmeyer@eeoc.gov
**Counsel for Plaintiff**

14

**EXHIBIT A**

(On Defendant's Letterhead)

(Date)

TO WHOM IT MAY CONCERN:

We welcome the opportunity to provide the following employment reference for our former employee, Wendy Luther.

Ms. Luther worked full-time as a tire rod inspector at our company's Albemarle, North Carolina manufacturing facility from approximately August through November 2020. Her final rate of pay was _____.

We hope that this information is helpful to you in considering Ms. Luther for employment with your company.

Sincerely,

(Signature of Corporate/HR Representative)

**EXHIBIT B**

(This space is intentionally blank.)



**EMPLOYEE NOTICE**

This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission ("EEOC") and Enforge, LLC ("Enforge").

1. Federal law requires that employers not discriminate or permit harassment against any employee, including temporary or contract employees, because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

2. Enforge will comply with such federal law in all respects. Enforge will not take any actions against employees, including temporary or contract employees, because they exercised their rights, reported an alleged violation under the law or gave testimony, assistance or participated in any investigation, proceeding or hearing conducted by the EEOC.

3. You have the right, and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. You may contact your local EEOC field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, visit www.eeoc.gov, or contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

**DO NOT REMOVE THIS NOTICE UNTIL: _____, 202\_\_.**